SENTELLE, Circuit Judge,
concurring:
While I join the balance of the court’s opinion without reservation, I join the *752 court’s interpretation of United States Sentencing Guideline § 2K2.1(b)(5) only because I find compelling the court’s concluding statement on the issue:
Significantly, the Tenth Circuit’s interpretation has stood for nearly ten years without any effort by the Sentencing Commission — despite multiple amendments of other Guidelines provisions — to amend the provision to a different effect; this is reason enough not to break rank with our sister courts. See United States v. Bruce, 285 F.3d 69, 73-74 (D.C.Cir.2002) (per curiam) (declining to adopt Guideline interpretation inconsistent with that of other circuits where prevailing interpretation was longstanding and “neither the Congress nor the Commission ha[d] done anything to call [it] into question”). We therefore conclude the Jones homicide qualifies as “another felony offense” under section 2K2.1(b)(5) even though it occurred “months prior” to Hart’s arrest for possession of the .32 Colt. Draper, 24 F.3d at 85.
I do not find compelling or even convincing the reasoning of our sister circuits. Contrary to the declaration in United States v. Sanders, 162 F.3d 396, 400 (6th Cir.1998), that “a logical reading of the 2K2.1(b)(5) Guideline term ‘another felony’ would ... require ... a finding of a separation of time between the offense of conviction and the other felony offense...,” no such logical necessity exists. It is perfectly possible, and indeed I think contemplated by the Guideline, that more than one felony can be going on at the same time. Given that/ as the majority notes today, § 2K2.1(b) applies to “specific offense characteristics,” rather than to the criminal history of the defendant, I think the appellant’s position far more logical than that of the Sixth Circuit.
Nonetheless for the reasons set forth in the above-quoted language from the opinion of the court, I join its conclusion.